28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert DUNN, Plaintiff-Appellant,
v.
Claude LAMPH, Medical Technician, Defendant-Appellee.
 No. 93-4160.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's judgment in favor of defendant entered after a bench trial on plaintiff's claim made pursuant to 42 U.S.C.1983. Plaintiff is a prisoner at the Utah State Prison, where defendant is a physician's assistant. On February 23, 1990, plaintiff was sent to the University of Utah Medical Center by Dr. Jones, a prison physician, for a particular kind of eye examination. At the hospital, plaintiff was told, and a written report indicates, that he should seek follow-up eye care if his condition had not improved in three days' time. On February 26, 1990, plaintiff requested a follow-up examination. Plaintiff alleges that defendant prevented him from receiving follow-up treatment, and that defendant's actions amount to deliberate indifference to a serious need, in violation of the Eighth Amendment.
 
 
 3
 The Eighth Amendment prohibition against cruel and unusual punishment applies to the inadequate provision of medical care to inmates. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A prisoner must allege deliberate indifference to serious medical needs because the Eighth Amendment is implicated only upon infliction of unnecessary and wanton pain. Id. at 104.
 
 
 4
 The Supreme Court clarified the deliberate indifference standard in Wilson v. Seiter, 111 S.Ct. 2321 (1991), wherein the Court stressed that the standard consists of two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.1991) (citing Wilson, 111 S.Ct. at 2324). With regard to the second component, allegations of "inadvertent failure to provide adequate medical care," Estelle, 429 U.S. at 105, or of negligent diagnosis or treatment are inadequate to establish the necessary culpable state of mind. Wilson, 111 S.Ct. at 2323. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 5
 We review the district court's findings of fact for clear error. Fed.R.Civ.P. 52(a); Unicover World Trade Corp. v. Tri-State Mint, Inc., Nos. 93-8019 & 93-8021, 1994 WL 187798, at * 2 (10th Cir. May 17, 1994). We have reviewed the record, including the trial transcript, and although there is conflicting evidence in the record, the district court's finding that Dr.Jones was informed of plaintiff's request for follow-up care on February 26, 1990, and that he determined there was no medical need for him to examine plaintiff at that time, was not clearly erroneous. Thus, because Dr. Jones knew of plaintiff's request and determined an examination was medically unnecessary, the evidence does not support a claim of deliberate indifference to a serious medical need by defendant.
 
 
 6
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470